# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JORGE MAYA, | Case No.: 3:19-cv-00379-MMD-WGC |
| Plaintiff, | **Order** |
| v. | |
| ELKO COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff, who is an inmate in the Elko County Jail, filed his application for leave to proceed in forma pauperis (IFP) and pro se complaint on July 5, 2019. (ECF Nos. 1, 1-1.) The complaint asserts that his constitutional rights were violated by Elko County and others because he is a diabetic and Elko County Jail has been serving him nothing but starch and sugar despite his complaints that this will be detrimental to his health condition. The complaint is in line to be screened under 28 U.S.C. § 1915A, which requires the court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

On November 19, 2019, Plaintiff filed two letters with the court. (ECF Nos. 3 and 4.) Plaintiff states that he has HIV and he has not been given his HIV medications at the Elko County Jail for ten days. He has complained to jail officials, to no avail.

The court is concerned by Plaintiff's assertions; however, the complaint that is awaiting screening raises claims about the food Plaintiff is being served at the jail and its impact on his diabetes. It does not currently assert a claim regarding not being given his HIV medications. Plaintiff has written letters to the court about his HIV medications, but it appears he is seeking an order from the court requiring that the jail provide him with his medications. This is known as injunctive relief. In addressing a motion for injunctive relief, the court is constrained in that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center,* 810 F.3d 631, 636 (9th Cir. 2015). That relationship is not currently present here because there is no nexus between the claim that he is being provided food that could be detrimental to a person with diabetes, and his more recent assertion that he is not being given his HIV medication. "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.* "Though new assertions of misconduct might support additional claims against a defendant, they do not support [injunctive relief] entirely unrelated to the conduct asserted in the underlying complaint." *Id.*

Therefore, in order for the court to address Plaintiff's request for an order concerning the administration of his HIV medication, Plaintiff must:

(1) file an amended complaint as soon as possible that asserts allegations both as to meals he is being served and the impact on his diabetes AND the failure to provide him with his HIV medications. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT."

The Clerk shall **SEND** Plaintiff a form section **1983** complaint for this purpose. If Plaintiff fails to file an amended complaint within the 30 days, the court will proceed with screening the original complaint in due course.

(2) file a motion for a temporary restraining order and/or preliminary injunction under Federal Rule of Civil Procedure 65. This motion must address the following factors: (1) whether the party seeking the relief is likely to succeed on the merits of the claim at issue; (2) whether there is a likelihood of irreparable injury in the absence of injunctive relief; (3) whether the balance of hardships tips in favor of the moving party; and (4) whether injunctive relief is in the public interest. In addition, to issue a temporary restraining order without written or oral notice to the adverse party or its attorney, Plaintiff must set forth in an affidavit or in a verified complaint specific facts that show that immediate and irreparable injury, loss or damage will result before the adverse party can be heard.

Again, until these documents are filed the court cannot take action on Plaintiff's request for an order concerning administration of his HIV medication.

**IT IS SO ORDERED**.

Dated: November 20, 2019.

_William G. Cobb_
William G. Cobb
United States Magistrate Judge